**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza, | No. CV-16-00561-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Stevens, et al., | |
| Defendants. | |

On March 12, 2019, the Defendant Hubert filed a Motion for Summary Judgment. On March 20, 2019, the Court issued an Order explaining that Defendant's Motion for Summary Judgment if granted would result in dismissal of the action for failure to exhaust prison administrative remedies. The Court gave the Plaintiff 30 days, until April 15, 2019, to file a Response to the Motion for Summary Judgment. On April 22, 2019, the Plaintiff filed a Notice of Change of Address/Motion for Clarification/Motion for Extension of Time.

The Plaintiff alleges he is unable to file a Response to the Motion for Summary Judgment because he "has not received a single document for this case, except for Dkt 50[1] since late 2018." He alleges it is, therefore, impossible for him to file the Response by mid-April. He alleges he is "missing thousands of legal documents, including the entirety of the case file for this case." He complains that the hurdles placed in his path are too many and asks the Court to appoint counsel.

---
[1] This is the Order issued by the Court setting the due date for filing the Response to the Motion for Summary Judgment.

The Court denies the request for counsel. Plaintiff has in this case and others, including CV 17-236 TUC DCB, shown that he is capable of proceeding pro se. The Court denies counsel based on Plaintiff's assertion that Defendants have denied him access to his legal materials.

In mid-November 2018, the Plaintiff reported reviewing his case file and asked the Court to send him documents 33, 32, 31 and 29. (Motion to Request Documents (Doc. 46)). The Court denied the Plaintiff's request to send these documents because they were documents he had filed with the Court, he was e-filing and, accordingly, receives an email confirmation of his filings and is responsible for keeping copies of the documents he files. (Order (Doc. 47)).

The Court takes judicial notice that despite Department of Correction (DOC) regulations allowing prisoners to have only four boxes of legal materials in their cell at one time, Plaintiff was given all 19 of his legal boxes in his cell on April 10, 2019. (CV 17-236 TUC DCB (Doc. 69) (SEALED Status Report at 2.) As of April 15, 2019, defendants in CV 17-236 TUC DCB reported the 19 boxes remained in Plaintiff's cell and would remain there for a few more days, then he would be allowed to select four boxes to retain and the remainder would be returned to storage. *Id.* The Court also takes judicial notice of its Order issued in CV 17-236 TUC DCB on March 6, 2019, noting that Plaintiff had finally obtained access to all 14 of his legal boxes as of December 20, 2018, therefore, he was able to ascertain which ones were needed to prepare a response to the pending dispositive motion. (Order (Doc. 66) at 1-2.) The point being that Plaintiff has had ample access to his legal materials since approximately mid-November or December of 2018. The Court rejects the assertion that Plaintiff does not have access to his legal materials or does not know which boxes he needs.

The Court takes judicial notice that Plaintiff filed a response to a dispositive motion pending in CV 17-236 TUC DCB on April 29, 2019. It would have been very difficult for him to have simultaneously prepared the Response to Defendant Hubert's Motion for Summary Judgment in this case. The Court shall, therefore, grant Plaintiff a 30-day

extension of time. The Court shall repeat the directives it issued in CV 17-236 TUC DCB.

The Plaintiff has noticed a change of address to ASPC Phoenix-Baker. The Warden in charge of ASPC Phoenix-Baker shall ensure that for a minimum of three hours per week the Plaintiff shall have access to pen, paper, and his legal materials (four boxes of his choice), including a copy of the Motion for Summary Judgment and corresponding Statement of Facts,[2] for the purpose of preparing the Response to the Motion for Summary Judgment pending in this case. Plaintiffs' access shall be documented by identifying the box numbers chosen by Plaintiff to be placed in his cell, the date the boxes were so placed and any subsequent changes in his selected legal materials. The Warden shall also record the dates and times he has access to pen and paper and the legal materials in the event he is placed on mental health watch.

**Accordingly,**

**IT IS ORDERED** that the Motion for Clarification and Extension of Time (Doc. 53) is GRANTED for 30 days until **May 30, 2019**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall note the Change of Address reported by the Plaintiff to be: ASPC-Phoenix/Baker, PO BOX 52109, Phoenix, AZ 85072-2109.

**IT IS FURTHER ORDERED** that within five days of the filing date of this Order the Warden in charge of ASPC Phoenix-Baker shall ensure that for a minimum of 30 days for three hours per week even when on mental health watch, the Plaintiff has access to pen, paper, and his legal materials for the purpose of preparing a Response to the Motion for Summary Judgment pending in this case.

**IT IS FURTHER ORDERED** that the Plaintiff shall file the Response to the Motion for Summary Judgment by May 30, 2019. NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.

**IT IS FURTHER ORDERED** that the Plaintiff's access to pen and paper and his

---

[2] Defendants shall provide the Warden at ASPC Baker with a copy of the Motion for Summary Judgment and Statement of Facts to ensure that Plaintiff has all the legal materials necessary to prepare the Response.

- 3 -

legal materials shall be documented as described above and filed with the Court by the Defendants by May 30, 2019.

**IT IS FURTHER ORDERED** that in the event the Plaintiff does not file the Response by May 30, 2019, this Court shall rule summarily to resolve the pending Motion for Summary Judgment. LRCiv. 7.2(i).

**IT IS FURTHER ORDERED** that the Defendants shall provide the Warden of ASPC Phoenix Baker a copy of this Order, and the Warden shall provide a copy of it to the Plaintiff along with the legal materials, herein, ordered to be provided to Plaintiff.

Dated this 2nd day of May, 2019.

_____
Honorable David C. Bury
United States District Judge